IN the MATTER OF the ESTATE OF Benard BILSIE,
Deceased:

Willis B. SWARTWOUT, III, individually and on
behalf of his client, Marie Curtis, Appellant,

v.

Robert BILSIE, proponent of the Will of Benard S. Bilsie,
deceased; Waltz and Howden, attorneys for the Es-
tate of Benard S. Bilsie, deceased; and J. D. Moret-
ti, guardian ad litem for Anne Bilsie, Respondents.

Court of Appeals

*No. 79–1067. Submitted on briefs February 6, 1980.—
Decided January 22, 1981.*
(Also reported in 302 N.W.2d 508.)

For the appellant the cause was submitted on the briefs of *Willis B. Swartwout, III,* of New Berlin.

For the respondents the cause was submitted on the brief of *Anthony R. Varda* and *Jayne K. Kuehn* and *DeWitt, McAndrews & Sundby, S.C.* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. Marie Curtis and her attorney, Willis B. Swartwout III, have appealed from an order that they pay the estate of Benard Bilsie $4,372.72 for attorney's fees and $432 for the fee of the guardian ad litem. The order was entered upon a finding that the continued objection by Mrs. Curtis to probate of decedent's will was frivolous. Section 814.025, Stats., authorizes the court to award reasonable attorney fees and

costs if an action or special proceeding commenced or continued is "frivolous."[1]

Decedent was seventy-eight years old when he died testate November 6, 1977 in Madison survived by his incompetent wife, several nephews and nieces and Mrs. Curtis, his only sister. The will was prepared by an attorney and is dated July 29, 1977. It leaves specific bequests totalling $12,000 to Mrs. Curtis, a nephew and nieces and a church and the residue to another nephew, Robert Bilsie. The will does not refer to decedent's widow. A 1976 will differs only in that it left one-third of decedent's farm to his wife. A 1973 will left one-third of decedent's property to his widow and divided the residue one-fourth to Robert Bilsie, three-eighths to a brother, and three-eighths to Mrs. Curtis. The inventoried real and personal property owned by decedent totals $263,643.

[1] Section 814.025, Stats., provides:

(1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

(2) The costs and fees awarded under sub. (1) may be assessed fully against either the party bringing the action, special proceeding, cross complaint, defense or counterclaim or the attorney representing the party or may be assessed so that the party and the attorney each pay a portion of the costs and fees.

(3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the court must find one or more of the following:

(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

Robert Bilsie petitioned to admit the will to probate. Mrs. Curtis objected on grounds that decedent lacked testamentary capacity and that execution of the will was procured by undue influence. She was represented by Attorney Swartwout. The court ordered that she be furnished with decedent's hospital records and the records and opinions of all physicians who attended decedent since January 1, 1976.

Robert Bilsie moved for summary judgment dismissing the objection. The grounds for the motion were that the medical information furnished to Mrs. Curtis, as ordered, did not indicate that decedent lacked testamentary capacity; that the claim of undue influence had been withdrawn; and that she had been asked to submit additional evidence in support of the objection or to withdraw the objection and had adopted neither course. Attached to the motion are letters by decedent's physicians addressed to Attorney Swartwout stating that in their opinion decedent was competent.

Attorney Swartwout executed an affidavit in opposition to the motion. According to that affidavit, witnesses would substantiate that beginning December 20, 1976, there were times when decedent had mental lapses and that in 1975 or 1976 decedent became forgetful as to the properties he owned, his marital condition and the identities of his relatives and heirs. Depositions had been taken of the attorneys who drew the three wills. The affidavit asserts that a fact issue exists as to decedent's testamentary capacity.

The court denied the motion for summary judgment because it concluded that the motion was insufficient to show that no genuine issue of fact existed. The court did not consider Attorney Swartwout's affidavit.

The issue of decedent's testamentary capacity was tried to the court, which admitted the will to probate. Robert Bilsie renewed an earlier motion for attorneys

fees and costs against Mrs. Curtis and Attorney Swart-wout, pursuant to sec. 814.025, Stats. The court held a separate hearing on that motion.

The court found that the objection was frivolous under sec. 814.025(3)(b), Stats., because Mrs. Curtis and her attorney had access to information from which they knew or should have known that the objection had no basis in law in that Mrs. Curtis possessed no evidence which could meet her burden of showing by clear and convincing evidence that decedent lacked testamentary capacity. Appellants do not contest that finding[2] and did not argue to the trial court, or here, that the law regarding proof of testamentary incapacity should be modified or reversed.

The court refused to find that the objection was frivolous while the attorney was assessing the case but found that it became frivolous from and after July 6, 1978. That is the date the objector represented in response to the motion for summary judgment that decedent's testamentary capacity had been placed in sufficient doubt to warrant a trial upon that issue. The court awarded attorney's and guardian ad litem fees for services after that date. Appellants do not contest the reasonableness of the fees.

---

[2] Appellants do not argue the sufficiency of the evidence they possessed before the trial. Appellants waited until their reply brief to argue that the court ignored or failed to give proper weight to the evidence presented at the trial. Respondents had not argued the weight in their brief because appellants' initial brief did not address the question. Rule 809.19, Stats., of the Rules of Appellate Procedure contemplates that appellant's brief will state and argue each issue presented for review, that respondent's brief will respond to those issues and arguments and that appellant will file a reply brief only when respondent raises matters not addressed in appellant's initial brief. We will not, as a general rule, consider issues raised by appellants for the first time in a reply brief.

Appellants raise the following issues:

1. Is sec 814.025(1), (2) and (3)(b), Stats., unconstitutional because of vagueness, denial of due process denying litigants free access to the courts and interfering with the attorney-client relationship?

2. Did the court impose an unnecessarily high standard as to the knowledge of a party or the party's attorney regarding whether the objection was without any reasonable basis in law or equity?

3. Was the finding of frivolousness made at the time required by sec. 814.025 (1), Stats?

4. Is sec. 814.025, Stats., applicable to an objection to admission of a will to probate filed prior to the effective date of the statute?

Respondents raise the following issues:

1. Does sec. 814.025(3)(b), Stats., apply to appeals?

2. Should attorney fees be assessed against appellants for a frivolous appeal under sec. 814.025(3)(b), Stats., by this court?

A. *Constitutional Issues*

The constitutional issues were not raised before the trial court. Constitutional issues raised for the first time on appeal generally will not be reviewed unless a compelling reason exists for review. *Binder v. Madison,* 72 Wis.2d 613, 620, 241 N.W.2d 613, 617 (1976); *Sambs v. Brookfield,* 66 Wis.2d 296, 314, 224 N.W.2d 582, 592 (1975). An appellate court must, however, review a constitutional challenge first made on appeal which raises a question of subject matter jurisdiction. *State ex rel. Skinkis v. Treffert,* 90 Wis.2d 528, 536, 280 N.W.2d 316, 320 (Ct. App. 1979). Whether any of the constitutional challenges raises a question of subject matter jurisdiction has not been briefed by the parties.

1. *Vagueness*

If a statute upon which judicial power rests is alleged, as here, to be void and unconstitutional for vague-

ness because of lack of ascertainable standards, a question of subject matter jurisdiction is raised. *Skinkis*, 90 Wis.2d at 538, 280 N.W.2d at 321. Section 814.025(3) (b), Stats., involves judicial power to assess additional costs. We must therefore review the issue of vagueness.

We are required to approach the issue of vagueness in light of the heavy burden upon the appellants to show that the statute is unconstitutional beyond a reasonable doubt. *Moedern v. McGinnis*, 70 Wis.2d 1056, 1072, 236 N.W.2d 240, 248 (1975).

Section 814.025(3) (b), Stats., prescribes a standard of conduct for litigants and their counsel. A statute prescribing a standard of conduct is not void for vagueness if it gives reasonable warning to one bent on obedience to the law when his conduct comes perilously close to that which is proscribed and if reasonable direction is given to the trier of fact to make a proper determination when that conduct has come too close to the proscribed conduct. *State v. Hill*, 91 Wis.2d 446, 454, 283 N.W.2d 451, 454 (Ct. App. 1979).

Appellants contend that no standard is provided by which an attorney or a party can know prior to actual trial that the action, proceeding, cross-complaint, defense or counterclaim brought is, in the words of sec. 814.025(3) (b), Stats., "without any reasonable basis in law or equity."

An attorney or litigant ought to be able to measure the facts and law upon which a claim or defense depends against the defined standard provided by sec. 814.025 (3) (b), Stats. Past and present legislatures[3] and the

---

[3] Section 159 of the Wisconsin Code of Procedure (1857), provided, "If a demurrer, answer or reply be frivolous, the party prejudiced thereby . . . ." may have judgment. Section 219 of the Code of 1857, a forerunner of the present sec. 814.025, Stats., provided that in addition to other costs, the successful party could recover a percentage of the amount involved "in any case where

courts[4] have penalized "frivolous" suits and defenses with no definition of the standard.

the prosecution or defense has been unreasonably or unfairly conducted."

Section 525(2) of the Code of Civil Procedure of the State of New York (1850), the Field Code, provided that an attorney may be removed if he "knowingly signed a frivolous pleading, or has been guilty of any other deceit, or wilful misconduct in his profession: . . ." The drafters of the New York Code required verification of pleadings to prevent "frivolous or fictitious lawsuits." *Ibid.*, drafters' comment to sec. 652. *See also N. D. Cent. Code* sec. 28–26–01: "In civil actions the court may, in its discretion, upon a finding that a claim for relief was frivolous, award reasonable actual or statutory costs, or both, including reasonable attorney's fees to the prevailing party. . . . ;" *Mass Ann. Laws* ch. 231, sec. 6F: "Upon motion of any party in any civil action . . . the court may determine, after a hearing, as a separate and distinct finding, that all or substantially all of the claims, defenses, setoffs or counterclaims . . . made by any party who is represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith. . . . ;" *La. Civ. Code Ann.* art. 2315.1(B): "Should plaintiff in any action for defamation, libel, or slander not prevail, and judgment, be rendered in favor of the defendant, reasonable attorneys fees may be awarded to the defendant as an item of taxable costs if the court determines that the action was frivolous. . . ."

[4] The United States Supreme Court has allowed sanctions against frivolous actions without defining the term except by its context. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), held that a successful defendant in a civil rights action was entitled to attorney's fees if the court found that the plaintiff "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Rule 38 of the Federal Rules of Appellate Procedure provides, "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee," without defining a frivolous appeal. Rule 49.2 of the Rules of the United States Supreme Court permits the court to award "appropriate damages" if an appeal or petition for a writ of certiorari is "frivolous."

Ethical considerations in Wisconsin's Code of Professional Responsibility, SCR ch. 20, use the term "frivolous" without definition except by context. Ethical considerations are aspirational

The statutory standard is sufficiently definite. It describes the continuing duty of every litigant and lawyer to determine whether the judicial system will be abused by a demand for or resistance to judicial relief. It assumes and requires an adequate investigation of the facts and law. It does not require the highest level of competence or legal ability. It embraces "the objective standard of what would a reasonable attorney have done under the same or similar circumstances." *Sommer v. Carr,* 99 Wis.2d 789, 797, 299 N.W.2d 856, 860 (1981). Because it is only when *no* reasonable basis exists for a claim or defense that frivolousness exists, the statute resolves doubts in favor of the litigant or attorney.

We conclude that the standard provided by sec. 814.-025(3)(b), Stats., is not unconstitutionally vague.

2. *Due Process*

Appellants contend that sec. 814.025(2), Stats., deprives Attorney Swartwout of due process of law because it permits awarding costs and fees against a person who is not a party. The contention raises an issue of personal rather than subject matter jurisdiction.[5] It exceeds the scope of our review because it has been raised for the first time on appeal. *Binder,* 72 Wis.2d 613, 241 N.W.2d 613; *Sambs,* 66 Wis.2d 296, 224 N.W.2d 582. We therefore do not address this contention.

Appellants urge that Mrs. Curtis is denied due process because the statute intimidates Attorney Swartwout from

in character but "constitute a body of principles upon which the lawyer can rely for guidance in many specific situations." SCR 20.002. Ethical consideration (2)(a) to SCR 20.34 states that "a lawyer is not justified in asserting a position in litigation that is frivolous." Ethical consideration (2)(b) to SCR 20.34 states that a lawyer may not "knowingly assist the client . . . to take a frivolous legal position."

[5] "The power of the court to hear the kind of action brought is called 'jurisdiction of the subject matter'." Sec. 801.04(1), Stats.

zealously representing her. The effect of the statute on Attorney Swartwout's representation of his client does not affect the jurisdiction of the circuit court. This newly raised argument therefore need not be addressed on appeal. In any event, sec. 814.025(2), Stats., should intimidate only abuse of our judicial system.

Appellants argue that Attorney Swartwout is denied due process because sec. 814.025(2), Stats., usurps the exclusive function of the supreme court of this state to discipline attorneys. The statute does not interfere with the undoubted "constitutional responsibility [of the Supreme Court] to supervise the practice of law and protect the public from professional misconduct by members of the bar," as stated in the preamble to SCR ch. 21 of the Wisconsin Supreme Court Rules. Section 814.025(2), Stats., provides a remedy for litigants who have been injured by frivolous suits. That remedy does not affect the power of the supreme court to supervise the practice of law and to protect the public.

3. *Access To The Courts*

Appellants claim, for the first time on appeal, that sec. 814.025, Stats., deprives Mrs. Curtis of an opportunity to seek adjudication of her objection to the will. They contend that a question of subject matter jurisdiction has been raised. Subject matter jurisdiction is not affected by the statute because sec. 814.025 does not prevent the trial court from acting. Whether a potential litigant is deterred from entering litigation does not prevent the court from disposing of that litigation. Appellants' contention therefore exceeds the scope of our review because it was not raised in the trial court.

Appellants argue for the first time on appeal that allowance of attorney's fees pursuant to sec. 814.025, Stats., violates art. I, sec. 9 of the Wisconsin Constitution which provides:

Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws.

The contention is based upon *Will of Keenan,* 188 Wis. 163, 176, 178, 205 N.W. 1001, 1006, 1007 (1925). There the supreme court held that the constitutional guaranty means that the courts shall be open to all persons who in "good faith and upon probable cause believe they have suffered wrongs." The court concluded that it violates public policy to require a litigant with a "disputable claim" "to forfeit a substantial sum in case he is not successful in the prosecution in court of a *bona fide* claim of right."

Appellants' argument would fail, even if it were properly raised. The litigant or attorney who attempts to prosecute or resist a demand with no reasonable basis in law or equity for the position taken and with no reasonable expectation of changing the law, contrary to sec. 814.025(3)(b), Stats., lacks probable cause to believe a wrong has been suffered. The courts should not be open to those litigants and their attorneys. *Keenan, supra,* preserves access to the courts to those who in good faith *and* on probable cause believe they have suffered a wrong.

Moreover, art. I, sec. 21 of the Wisconsin Constitution does not prevent taxing litigation expenses according to law. *Christianson v. The Pioneer Furniture Co.,* 101 Wis. 343, 347–48, 77 N.W. 174, 175 (1898), quoted with approval in *Mulder v. Acme-Cleveland Corp.,* 95 Wis.2d 173, 189–90 n. 3, 290 N.W.2d 276, 284 (1980).

4. *Attorney-Client Relationship*

Appellants argue for the first time on appeal that sec. 814.025(2) and (3)(b), Stats., interfere with the attorney-client relationship. The constitutional basis for

the contention is unclear but presumably rests on art. I, sec. 21(2) of the Wisconsin Constitution which provides, "In any court of this state, any suitor may prosecute or defend his suit either in his own proper person or by an attorney of the suitor's choice." The contention does not raise a challenge to subject matter jurisdiction and we therefore do not reach it.

B. *Statute Properly Applied.*

Appellants contend that there need only be "some credible evidence" to sustain the theory of a litigant to avoid frivolousness under sec. 814.025(3)(b), Stats. The contention is based on the standard for appellate review of the sufficiency of the evidence to support a verdict. We reject the view that the trial court must apply the "some credible evidence" test in determining whether a litigant's theory is "without any reasonable basis in law or equity," the pertinent test under the statute.

The appellate standard to review the sufficiency of the evidence to sustain a finding of fact depends on whether the jury or the court is the trier of fact. An appellate court will sustain a jury verdict if there is "any credible evidence that under any reasonable view supports the verdict and removes the issue from the realm of conjecture." *Coryell v. Conn,* 88 Wis.2d 310, 315, 276 N.W. 2d 723, 726 (1979) ; *Roach v. Keane,* 73 Wis.2d 524, 536, 243 N.W.2d 508, 515 (1976). Essentially the same test is applied by a trial court when ruling on a motion challenging the sufficiency of the evidence to support a verdict or an answer in a verdict. Sec. 805.14(1), Stats. Findings of fact by a court sitting without a jury, however, will not be upset on appeal unless they are against the great weight and clear preponderance of the evidence. *Cogswell v. Robertshaw Controls Co.,* 87 Wis.2d 243, 249, 274 N.W.2d 647, 650 (1979).

Appellants confuse the standard of appellate review with the burden on a party to satisfy the trier of fact

that certain facts exist. Thus, a party contesting a will because of an alleged lack of testamentary capacity has the burden of proving that incapacity to the trier of fact by clear and satisfactory evidence, but the finding by the court sitting without a jury on that issue will be affirmed on appeal unless it is contrary to the great weight and clear preponderance of the evidence. *In Matter of Estate of Sorensen,* 87 Wis.2d 339, 343, 274 N.W.2d 694, 696 (1979); *Estate of Dobrecevich,* 14 Wis.2d 82, 85, 109 N.W.2d 477, 479 (1961).

The test to be applied by the trial court as the fact finder under sec. 814.025(3)(b), Stats., so far as material to this appeal, is whether the objection to probate was "without any reasonable basis in law or equity." The issue whether that basis was reasonable is one of mixed fact and law because it involves a finding as to what the facts are and the application of the law to those facts. *Department of Revenue v. Exxon Corp.,* 90 Wis.2d 700, 713, 281 N.W.2d 94, 101 (1979). The court when analyzing that issue must ascertain the evidentiary facts available before trial to support the claim or defense of the party moved against under sec. 814.025, and determine the burden or quantum of proof required by law to prevail on the claim or defense. The court must then determine whether the evidentiary facts available to the party moved against provided "any reasonable basis" to meet the party's burden of proof.[6] This chain of rea-

---

[6] The quantum of proof necessary to create "any reasonable basis" will vary with the burden of proof imposed by law. A greater quantum of proof is necessary to create a reasonable basis for a claim or defense which must be proved by clear, satisfactory and convincing evidence than is necessary to create a reasonable basis for a claim or defense which must be proved by a preponderance of the evidence. It is appropriate to note, however, that the statute does not apply to quasi-criminal actions where the

soning is implicit in the court's finding that the objection had no basis in law because Mrs. Curtis possessed no evidence before trial which could meet her burden of showing by clear and convincing evidence that decedent lacked testamentary capacity.

The trial court therefore did not err in failing to weigh the evidence produced by appellants in support of their objection against the standard of some credible evidence. As we have noted, appellants do not contest the finding that they possessed no evidence which could meet the higher burden of proof imposed by law.

Appellants contend that the denial of respondents' motion for summary judgment dismissing the objection demonstrated that a genuine issue of fact as to decedent's testamentary capacity existed prior to the trial and therefore a reasonable basis existed for the objection. We reject that argument.

If a party moving for summary judgment demonstrates to the court that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, judgment will be entered for the moving party, unless the adverse party makes a showing as required by sec. 802.08 (3), Stats., of "specific facts showing that there is a genuine issue for trial." The court concluded that the motion for summary judgment, in and of itself, was insufficient to establish a prima facie case for summary judgment. The court therefore did not reach the question whether the appellants showed a genuine issue existed.

Accordingly, the trial court's denial of the motion for summary judgment dismissing the objection did not establish that the objection had a reasonable basis.

decision to proceed is based on prosecutorial discretion. *City of Janesville v. Wiskia,* 97 Wis.2d 473, 482, 293 N.W.2d 522, 526 (1980).

### C. Timeliness Of Court's Finding Of Frivolousness

Appellants argue that the court misapplied sec. 814.025 (1), Stats., because the finding of frivolousness was not made "at any time during the proceedings or upon judgment." Appellants interpret "upon judgment" to mean "at the time of judgment." They contend that the finding of frivolousness could not be made after the order admitting the will to probate was signed.

The trial court postponed the question of frivolousness to give the parties an opportunity to prepare and be heard on the issue. We do not read sec. 814.025(1), Stats., to prohibit that procedure.

A trial court may be able to make a finding as to frivolousness at or before rendering judgment, but in many instances, as here, the court may wish to consider the matter after judgment and to give the party and attorney against whom the charge is levelled an opportunity to be heard. A finding of frivolousness may not be predicated on the fact that the party against whom the charge is levelled lost the case. That party may, for example, have possessed evidence which was unavailable at the trial. To deny the party or an attorney a hearing on the issue of frivolousness would raise a serious question as to denial of due process. "The essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and the opportunity to meet it.'" *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) (citation omitted).

Appellants had notice before the trial that attorney's fees under sec. 814.025, Stats., were sought. Appellants waited until the hearing on the motion for fees to object to the court's reserving the question at the conclusion of the hearing on the will contest. Appellants waived the error, if error it was. Sec. 805.11(1), Stats.

D. *Applicability Of Sec. 814.025, Stats., To Objection Continued After Effective Date*

Section 814.025, Stats., was created by ch. 209, Laws of 1977, and became effective April 7, 1978. The objection to probate was filed before that date and the hearing on the objection was held October 18 and 19, 1978. Appellants argue that because the objection was filed before the effective date of the statute, the court applied sec. 814.025 retroactively.

A retroactive law "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past . . . ." *Sturges v. Carter,* 114 U.S. 511, 519 (1885).

The trial court applied sec. 814.025, Stats., to appellants' acts after the effective date of the statute: namely, continuing the objection after July 6, 1978, the date appellants knew or should have known that the objection had no reasonable basis. Section 814.025(1) penalizes continuing as well as commencing a frivolous proceeding. Because sec. 814.025 was applied to acts subsequent to the effective date of the statute, it was not applied retroactively.

E. *Attorneys Fees On Frivolous Appeal*

Respondents ask that we apply sec. 814.025, Stats., to assess attorney's fees for a frivolous appeal. Section 814.025 does not permit us to do so.

Section 814.025(1), Stats., requires a finding of frivolousness "at any time during the proceedings or upon judgment." Section 814.025(3) requires a finding that the "action, special proceeding, counterclaim, defense or cross complaint was commenced, used, or continued in bad faith." Appeals are not referred to, or within the time periods covered by, either subsection.

358

We therefore need not determine whether the appeal was frivolous.

*By the Court.*—Order affirmed.