FIRST FEDERATED SAVINGS BANK, f/k/a First Federated Savings Association of Florida, Plaintiffs-Respondents,

v.

Richard and Karen McDONAH, Defendants-Appellants†

Court of Appeals

No. 87–0240. Submitted on briefs November 6, 1987.—Decided January 14, 1988.

(Also reported in 422 N.W.2d 113. )

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Melvyn L. Hoffman* and *McArdle & Hoffman,* of La Crosse.

For the plaintiffs-respondents the cause was submitted on the brief of *Thomas D. Jacobs* and *Gray & End,* of Milwaukee.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J.   Richard and Karen McDonah and their attorney appeal from an order requiring them to pay attorney fees to First Federated Savings Bank. The trial court found that their answer to First Federated's complaint was frivolous, and that sec. 814.025, Stats.,[1] required them to pay First Federated's attorney fees.

---

[1] Section 814.025, Stats., provides:

The McDonahs and their attorney contend that sec. 802.02(2), Stats.,[2] immunizes a party and his or her attorney from sec. 814.025(3)(b), Stats., penalties, that their answer, filed solely to delay a creditor, has a reasonable basis in equity, and that we should establish a guideline so that an attorney can zealously represent a client without fear of a sec. 814.025(3) penalty. We hold in favor of First Federated on all three issues and therefore affirm.

(1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

(2) The costs and fees awarded under sub. (1) may be assessed fully against either the party bringing the action, special proceeding, cross complaint, defense or counterclaim or the attorney representing the party or may be assessed so that the party and the attorney each pay a portion of the costs and fees.

(3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the court must find one or more of the following:

(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

[2] Section 802.02(2), Stats., provides in part:

A party shall state in short and plain terms the defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If the party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. . . .

The facts are undisputed. First Federated commenced foreclosure proceedings against the McDonahs. McDonahs' attorney drafted an answer to the complaint asserting that the McDonahs had insufficient information to enable them to admit or deny several of the allegations of First Federated's complaint.

First Federated moved for summary judgment and for attorney fees pursuant to sec. 814.025, Stats., on the grounds that the McDonahs' answer was frivolous. McDonahs' attorney submitted an affidavit which read in part:

> 3. On Friday, August 15, 1986, [the attorney's] law firm was contacted by Richard C. McDonah on behalf of he and his wife, Karen, with respect to [First Federated's] Summons and Complaint which had been served on them on July 29, 1986 (as shown by the [McDonahs'] copy of the Summons which is attached hereto for reference). After discussing matters pertaining to the events leading up to the commencement of [First Federated's] suit, it being agreed that the [McDonahs] needed additional time in which to attempt to cure [their] default with [First Federated], an Answer was filed which is on file herein.
> 4. The said Answer was a so-called "general denial" relating to matters which were not within the specific knowledge of the defendants and which the plaintiff, either at trial or upon summary judgment, would be obligated to prove to be entitled to the relief demanded in the Complaint.

The court determined that the McDonahs' answer lacked a basis in law or equity and was filed for purposes of delay. The court granted First Federated's sec. 814.025, Stats., motion, awarded costs and attor-

ney fees of $148.75 against the McDonahs and their attorney, and ordered that the McDonahs and their attorney contribute equally to the award.

Where the facts are undisputed, whether an answer violates sec. 814.025(3)(b), Stats., is a question of law. *Wengerd v. Rinehart,* 114 Wis. 2d 575, 583, 338 N.W.2d 861, 866 (Ct. App. 1983). We review questions of law *de novo. Stoll v. Adriansen,* 122 Wis. 2d 503, 514, 362 N.W.2d 182, 188 (Ct. App. 1984).

The sole reason the McDonahs' attorney gave for filing the sec. 802.02(2), Stats., denial was that the McDonahs needed additional time to attempt to cure their mortgage default. Though the McDonahs' answer purports to raise an issue of fact, their attorney's affidavit establishes the sole reason the answer was filed: to delay the foreclosure and obtain time to cure their default on the First Federated mortgage. The attorney in effect concedes that in this case the "defense" of lack of knowledge was not a defense, but a pleading purporting to be a defense. A defense of "I don't know" is without any reasonable basis when coupled with an admission that the lack of knowledge is irrelevant to the actual purpose of the defense.

The McDonahs' attorney asserts that sec. 802.02(2), Stats., provides a reasonable basis in law to file an answer to obtain a delay. However, sec. 802.05 provides in relevant part: "The signature of an attorney constitutes a certificate that the attorney has read the pleading; that to the best of the attorney's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." The meaning of sec. 802.02(2) advanced by the McDonahs is not persuasive, given the requirements

of sec. 802.05. We conclude that sec. 802.02(2) does not authorize denials for lack of knowledge or information solely to obtain a delay.[3]

Next, the McDonahs and their attorney argue that their answer met the sec. 814.025(3)(b), Stats., requirement that it have a reasonable basis in law or equity. They claim it was "equitable" for the attorney to consider the social, emotional and practical implications of a foreclosure action, and to conclude that the best way to represent the McDonahs was to obtain time for them to obtain money to reinstate the loan.

The McDonahs do not cite an example of an equitable principle permitting delay to be a defense to a foreclosure action. They misinterpret "equity" to mean that a court may ignore statues and case law to enable it to assist someone in trouble. A court's equitable powers are not that all-encompassing. In *In Interest of E.C.,* 130 Wis. 2d 376, 388–89, 387 N.W.2d 72, 77 (1986), the court said:

> [A] circuit court in Wisconsin has authority to grant equitable relief, even in the absence of a statutory right. The relief that a court grants, however, must be in response to the invasion of legally protected rights. *See* art. I, sec. 9 of the Wisconsin Constitution which provides that there shall be a remedy for every wrong; *In Interest of D.H.,* 76 Wis. 2d 286, 294, 251 N.W.2d 196 (1977). The exercise of equitable authority, therefore, may provide complete justice only where there is a wrong. Any other construction of a circuit court's equitable authority would mean that an action

---

[3]We do not hold that denials for lack of knowledge or information are *per se* frivolous. The reasons underlying the denial will determine whether it is frivolous.

could never be dismissed for failure to state a claim upon which relief can be granted. *See* sec. 802.06(2), Stats. Obviously, not every perceived injustice is actionable. ...

Neither is every perceived injustice the basis for a defense. Defendants' answer had no reasonable basis in equity.

Finally, the McDonahs argue that we should establish a guideline which will reduce the conflict between a lawyer's duty to seek his or her client's lawful objectives and to represent his or her client zealously on the one hand and also avoid the "chilling effect" of sec. 814.025(3), Stats.,[4] on the other.

We have already done so. In *In Matter of Estate of Bilsie,* 100 Wis. 2d 342, 350, 302 N.W.2d 508, 514 (Ct. App. 1981), we said:

> [Sec. 814.025(3)(b), Stats.,] is sufficiently definite. It describes the continuing duty of every litigant and lawyer to determine whether the judicial system will be abused by a demand for or resistance to judicial relief. It assumes and requires an adequate investigation of the facts and law. It does not require the highest level of competence or legal ability. It embraces "the objective standard of what would a reasonable attorney have done under the

---

[4]Supreme Court rule 20.34(1986) provides in part:

A lawyer should represent a client zealously within the bounds of the law.

Supreme Court rule 20.35(1986) provides in part:

(1) A lawyer may not intentionally:

(a) Fail to seek the lawful objectives of the lawyer's client through reasonably available means permitted by law and the disciplinary rules ....

same or similar circumstances." *Sommer v. Carr,* 99 Wis. 2d 789, 797, 299 N.W.2d 856, 860 (1981). Because it is only when *no* reasonable basis exists for a claim or defense that frivolousness exists, the statute resolves doubts in favor of the litigant or attorney. (Emphasis in original.)

The claim of the McDonahs and their attorney is really that they cannot distinguish between "none" and "a tiny amount." This problem will always exist. *Bilsie* interpreted sec. 814.025(3)(b), Stats., to mean that no reasonable attorney could have advanced the defense in question without knowing it was frivolous. The standard is already at its lowest possible threshold. Lowering it further would in effect repeal the statute.

*By the Court.*—Order affirmed.

SUNDBY, J. (*dissenting*). Our decision herein should be of great concern to all members of the practicing bar. It exposes any attorney and his or her client who files a general denial answer under sec. 802.02(2), Stats., to a determination that the answer is frivolous under sec. 814.025(3)(b), Stats. Further, it raises the very real spectre of a trial court inquiry into the subjective intent of the attorney whenever a general denial answer is filed.

The trial court did not find that the answer filed in this case was intrinsically frivolous but that the *filing* of the answer was frivolous under sec. 814.025(3)(b), Stats., because it was interposed for purposes of delay.[1] An answer filed solely for purposes

[1]Section 802.05 Stats., provides that the signature of an attorney to a pleading constitutes a certificate that the pleading is not interposed for delay. That statute further provides:

of delay may be frivolous under sec. 814.025(3)(a), as a defense made in bad faith. However, if it is claimed that a defense is frivolous under sec. 814.025(3)(a), an attorney and his or her client are protected by the requirement that it must be established that the purpose in making the defense was "solely for purposes of harassing or maliciously injuring another." Under sec. 814.025(3)(b), however, the standard applicable to a defense is knowledge of a lack of reasonable basis therefor in law or equity or for a good faith extension, modification or reversal of existing law. I see no sensible way of defending against a claim that an answer is frivolous under sec. 814.025(3)(b) where the alleged reason for the frivolousness is extrinsic to the pleading.

I would reverse and remand this case to the trial court for a hearing on whether the defendants and their counsel filed the answer in these proceedings in bad faith, solely for purposes of harassing or maliciously injuring First Federated.

If a pleading . . . is signed with intent to defeat the purpose of this section, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a wilful violation of this section an attorney may be subjected to appropriate disciplinary action. . . .

The trial court made no finding that the defendants' attorney wilfully violated this section.