GMAC MORTGAGE CORP. OF PENNSYLVANIA, f/k/a GMAC Mortgage Corp. of Iowa, Plaintiff,

Randall CUDD and Jim Claycomb, Intervenors-Respondents, †

v.

Michael GISVOLD and Drue Gisvold, Defendants-Appellants,

UNITED STATES OF AMERICA, U.S. Attorney General, Chicago Title Insurance Company, a/k/a Old Republic National Insurance Company, Title Insurance Company of Minnesota, Defendants.

Court of Appeals

*No. 96–1663. Submitted on briefs November 5, 1996.—Decided November 12, 1996.*

(Also reported in 557 N.W.2d 826.)

†Petition to review granted.

397

For the defendants-appellants the cause was submitted on the briefs of *R. Michael Waterman* of *Mudge, Porter, Lundeen & Seguin, S.C.*, Hudson.

For the intervenors-respondents the cause was submitted on the brief of *Catherine R. Quiggle* of *Rodli, Beskar, Boles & Krueger, S.C.*, River Falls.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. In this mortgage foreclosure action, Michael and Drue Gisvold appeal an order denying their attempted redemption and allowing the successful bidders at the sheriff's sale to complete the purchase. The Gisvolds argue that the trial court lacked the authority to allow the purchase to be completed after the bidders failed to deposit the remainder of the purchase price within the required period under § 846.17, STATS. Because we conclude the trial court has no discretion to waive the requirements of § 846.17, the attempted purchase was forfeited and the Gisvolds' redemption was valid.

The facts are undisputed. In 1992, the Gisvolds defaulted on a home mortgage held by GMAC and GMAC began foreclosure proceedings. A foreclosure judgment was entered on April 26, 1993. Numerous foreclosure sales were scheduled and subsequently cancelled when the Gisvolds filed for bankruptcy but then voluntarily dismissed these filings after the sales had been cancelled.

The set of facts pertinent to this appeal stem from the foreclosure sale of June 13, 1995. Intervenors, Randall Cudd and Jim Claycomb, were the highest bidders at this sale and made the requisite ten percent deposit. The sale was set for confirmation on June 27, 1995. Drue Gisvold filed for bankruptcy protection prior to

the confirmation hearing and it was cancelled. Drue Gisvold voluntarily dismissed the bankruptcy filing on July 25, 1995, and the confirmation hearing was rescheduled for October 3, 1995. On October 3, 1995, Michael Gisvold filed for bankruptcy relief, which he voluntarily dismissed on October 19, 1995. This filing delayed the confirmation hearing until December 27, 1995.

The court confirmed the sale at the December hearing but stayed entry of the order until January 15, 1996. The Gisvolds and GMAC, by agreement, stayed this deadline until January 17, 1996. On January 17, 1996, approximately three hours before the deadline, Michael Gisvold filed for ch. 13 bankruptcy relief again. This action was involuntarily dismissed on March 12, 1996. No notice was given to the intervenors of the dismissal. On March 19, 1996, the Gisvolds paid the balance due on the mortgage to the circuit court. GMAC moved for determination whether the Gisvolds had redeemed the property or whether the intervenors had forfeited their right to the property.

The circuit court held that the § 846.17, STATS., could not be applied literally to this case and excused the intervenors for failing to pay the remainder of the purchase price within the ten days after the sale was confirmed. The court denied the Gisvolds' claim that they had redeemed the property and allowed the intervenors to purchase the property.

The Gisvolds contend that they validly redeemed the property because after the intervenors missed the statutory deadline to deposit the remainder of the purchase price, a new sale needed to be ordered and, until that sale was held and confirmed, they could redeem the property. We agree. The determinative issue in this case is whether the trial court had the

authority to waive the requirement that the balance of the purchase price be paid within ten days after confirmation of the sale pursuant to § 846.17, STATS. We conclude there is no discretion to waive this requirement and therefore the order is reversed.

Initially, the parties argue whether the bankruptcy filing stayed the Gisvolds' redemption rights and where the authority came from in the bankruptcy code, 11 U.S.C. § 108 or § 362. We do not resolve this issue because it is irrelevant to the analysis here. The intervenors failed to deposit the remainder of the purchase price within ten days of the confirmation of the sale even if the bankruptcy filing stayed the redemption period.

■■■

This case presents a question of statutory construction. Questions of statutory construction are questions of law this court reviews without deference to the trial court. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992). In determining the legislature's intent, we first look to the language of the statute itself. *State v. Wicks*, 168 Wis. 2d 703, 706, 484 N.W.2d 378, 379 (Ct. App. 1992). The word "shall" is presumed mandatory when used in a statute. *WHEDA v. Bay Shore Apts.*, 200 Wis. 2d 129, 141, 546 N.W.2d 480, 485 (Ct. App. 1996). While "shall" may, under certain circumstances, be construed as directory to carry out the legislature's intent, *Karow v. Milwaukee County Civil Serv. Comm'n*, 82 Wis. 2d 565, 571, 263 N.W.2d 214, 217 (1978), those circumstances are not present here. Because the statute contains the penalty for failing to pay the remainder of the purchase price, we conclude that "shall" is mandatory in this context. *See id.*

Section 846.17, STATS., requires the purchaser to pay the remaining part of the price within ten days of the confirmation of the sale. If payment is not made within ten days, the purchaser forfeits the deposit and a new sale is mandated. *Id.* "In the event of the failure of such purchaser to pay [the remaining amount] the amount so deposited shall be forfeited . . . and a resale shall be [held of the] premises . . . ." *Id.* It is undisputed that the intervenors failed to pay the balance within the required ten days. The intervenors, however, argue that this statute should "not be applied literally to this case." We see no alternative.

Section 846.17, STATS., requires payment in ten days or the deposit is forfeited and a new sale is required. The statute lists no exceptions, nor have any been created in the case law. The term "shall" was used in the statute requiring the forfeiture of the deposit and a new sale once the ten-day limit is exceeded. It is true that foreclosure proceedings are equitable in nature, *Frick v. Howard*, 23 Wis. 2d 86, 96, 126 N.W.2d 619, 625 (1964), and that the trial court has discretion in confirming the foreclosure sale. *Gumz v. Chickering*, 19 Wis. 2d 625, 633-34, 121 N.W.2d 279, 283-84 (1963). This discretion does not apply, however, to the application of § 846.17.

Equity does not allow a court to ignore a statutory mandate. *First Federated Sav. Bank v. McDonah*, 143 Wis. 2d 429, 434, 422 N.W.2d 113, 115 (Ct. App. 1988). Rather, equity gives the court power to achieve a fair result in the absence of or in conjunction with a statute. *See id.* As a result, the trial court had no authority to waive the requirement of this statute because the intervenors were not given notice of the dismissal of the Gisvolds' bankruptcy claim. The Gisvolds had no

obligation to provide notice of the bankruptcy proceedings to the intervenors. The intervenors were not a party to the Gisvolds' bankruptcy action, although they could have intervened had they desired. Bankruptcy Rule 2018(a). The burden fell on the intervenors to keep apprised of the matters concerning their intended purchase.

The intervenors failed to purchase the property by paying the remainder of the purchase price. The trial court had no authority to waive this failure. Therefore, pursuant to § 846.17, STATS., a new sale was required. Parties can redeem property until the foreclosure sale is confirmed. *Gerhardt v. Ellis*, 134 Wis. 191, 114 N.W. 495 (1908), § 846.13, STATS. The intervenors' forfeiture placed the Gisvolds in the position they were in before any sale had occurred. The Gisvolds paid the remaining amount of the mortgage before another sale was held, much less confirmed. This is a valid redemption.

The Gisvolds were attempting to manipulate the system by abusing the automatic stay provision of the bankruptcy code. It is disturbing that this decision appears to reward their efforts. The only answer to this abuse of the system is that they may be accountable to the Federal Bankruptcy Court. We should note that the Gisvolds' filings did not prevent the buyers from complying with the statutory requirement that the balance of the purchase price be paid within ten days of the confirmation sale. We also do not decide whether the court could have granted a motion to extend the time of deposit until the bankruptcy stay was lifted. We are required to conclude that a statute requiring the balance of the purchase price to be paid within ten days means precisely what it says. By failing to comply with the statute, the intervenors forfeited their deposit.

*By the Court.*—Order reversed.