PER CURIAM.
¶1 Feliciano Douglas appeals the circuit court's order denying his WIS. STAT . § 974.06 (2015-16) motion to vacate his 2001 conviction and grant a new trial.[1] Douglas argues that the circuit court erred in denying the motion. We conclude that the court properly denied the motion because Douglas has not shown that Douglas's postconviction counsel in his direct appeal was ineffective by failing to raise claims that are clearly stronger than the claim that postconviction counsel did raise. We affirm.
BACKGROUND
¶2 In 2000, Douglas was charged with two counts of second-degree sexual assault. The charges were based on allegations that Douglas, in two instances, forced the victim to have oral sex. The case proceeded to a jury trial where Douglas was represented by Attorney Jon LaMendola. In 2001, the jury found Douglas guilty on both counts, and Douglas was convicted and sentenced.
¶3 Attorney Joseph Sommers represented Douglas in his direct appeal. Sommers filed a postconviction motion claiming that the jury was exposed to extraneous information. The circuit court held a hearing at which all jurors testified. Two jurors testified that a third juror, who was employed at the jail where Douglas was housed, told jurors that Douglas was in custody for another crime or that Douglas had been in and out of jail and in and out of "trouble." These two jurors further testified that the jury discussed this information during deliberations. The jail employee testified that she was not aware that Douglas was in jail at that time and did not provide information to the other jurors about Douglas's custody status. The remaining jurors testified that they were not told, or did not recall being told, that Douglas was in jail.
¶4 The circuit court found the jurors' differing accounts "unsettling," but credited the majority of jurors who testified there was no extraneous information. The court therefore denied Douglas's postconviction motion. Douglas appealed, and we affirmed. See State v. Douglas , No. 2002AP3384-CR, unpublished slip op. (WI App April 1, 2004).
¶5 Approximately ten years later, Douglas brought the WIS. STAT . § 974.06 motion that is the subject of the instant appeal, requesting that the circuit court vacate his conviction and grant a new trial. Douglas alleged that he received ineffective assistance of trial counsel, and that postconviction counsel was ineffective for failing to raise ineffective assistance of trial counsel claims. Douglas alleged that trial counsel LaMendola was ineffective in several respects, including by failing to move to strike the jail employee for cause or to use a peremptory strike to remove her.
¶6 The circuit court held a hearing on Douglas's WIS. STAT . § 974.06 motion at which Douglas, Sommers, and LaMendola testified. The court made a number of factual findings, some of which we summarize in our discussion below. The court concluded that, in order to prevail on his motion, Douglas needed to show that his ineffective assistance of trial counsel claims were clearly stronger than the extraneous jury information claim, and the court further concluded that Douglas failed to make this showing. As a result, the court denied Douglas's § 974.06 motion.
DISCUSSION
¶7 Douglas argues that the circuit court erred in denying his WIS. STAT . § 974.06 motion. We reject this argument for the following reasons.
¶8 There is no dispute that, in order for Douglas to now seek a new trial based on his claims that trial counsel LaMendola was ineffective, Douglas must show that postconviction counsel Sommers was ineffective by failing to raise those claims; otherwise, the claims are procedurally barred. "[C]laims that could have been raised on direct appeal or in a previous § 974.06 motion are barred from being raised in a subsequent § 974.06 postconviction motion absent a showing of a sufficient reason for why the claims were not raised on direct appeal or in a previous § 974.06 motion." State v. Lo , 2003 WI 107, ¶44, 264 Wis. 2d 1, 665 N.W.2d 756. However, "ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." State v. Romero-Georgana , 2014 WI 83, ¶36, 360 Wis. 2d 522, 849 N.W.2d 668.
¶9 To show ineffective assistance, a defendant must demonstrate both that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. Strickland v. Washington , 466 U.S. 668, 687 (1984). As to the deficient performance prong, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. As to the prejudice prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
¶10 Additionally, and as most pertinent here, our supreme court stated in Romero-Georgana that "a defendant who alleges in a § 974.06 motion that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims he wishes to bring are clearly stronger than the claims postconviction counsel actually brought." Romero-Georgana , 360 Wis. 2d 522, ¶4.
¶11 Douglas argues that the clearly stronger test does not apply when comparing ineffective assistance claims to a different type of claim, such as the extraneous jury information claim here. We reject this argument because Douglas provides no authority to support it, and because we see nothing in Romero-Georgana to support it. On the contrary, as the State points out, when the court in Romero-Georgana addressed the clearly stronger test, it spoke generally in terms of comparing "claims," "issues," or "arguments." See id. , ¶¶4, 45-46.
¶12 In his reply brief, Douglas raises an additional argument as to why we should not apply the clearly stronger test. In particular, Douglas asserts that postconviction counsel Sommers failed to sufficiently investigate trial counsel LaMendola's alleged errors, and Douglas argues that "equally strong issues which are not pursued, when they are not investigated and evaluated with the defendant, may fall outside of the 'clearly stronger' requirement of State v. Romero-Georgana ." We decline to address this argument because Douglas did not raise it in his principal brief. See Swartwout v. Bilsie , 100 Wis. 2d 342, 346 n.2, 302 N.W.2d 508 (Ct. App. 1981) ("We will not, as a general rule, consider issues raised by appellants for the first time in a reply brief.").
¶13 Douglas's remaining arguments focus on explaining why, in Douglas's estimation, his ineffective assistance of trial counsel claims have merit. These arguments do not, however, explain why those claims might be clearly stronger than the extraneous jury information claim, a claim that Douglas concedes was "meritorious." Absent such argument, Douglas does not persuade us that postconviction counsel Sommers was ineffective.
¶14 Our analysis could stop here, but we choose to note that we see no obvious basis on which Douglas might have successfully argued that his ineffective assistance of trial counsel claims are clearly stronger than the extraneous jury information claim. Although it ultimately did not succeed, the extraneous jury information claim was a compelling claim. Two jurors testified in support of the claim and, as noted, the circuit court viewed the jurors' overall differing accounts as "unsettling." The court's decision shows that the court viewed its choice between the differing accounts as a difficult credibility determination. Similarly, when we affirmed the circuit court's decision on that claim, we acknowledged that Douglas made "some very reasonable arguments why a court could have made a different credibility determination." See Douglas , No. 2002AP3384-CR, unpublished slip op., at 3.
¶15 Further, as summarized in the State's brief, when the circuit court later denied Douglas's WIS. STAT . § 974.06 motion, the court made a number of factual findings based on Sommers's testimony and LaMendola's testimony, and those findings support a conclusion that Douglas's ineffective assistance of trial counsel claims are not as strong as they might seem at first glance. For example, Douglas claims that LaMendola was ineffective in failing to strike the jail employee from the jury panel. However, the circuit court found that Sommers's testimony and LaMendola's testimony demonstrated that Sommers had a strategic basis for not bringing this claim. Sommers knew that the reason LaMendola did not strike the jail employee was because Douglas insisted on keeping her on the jury despite LaMendola's advice to the contrary. Douglas believed she was "sweet on him romantically" and that keeping her on the jury was a "win-win situation" because either she would vote in his favor or, if she did not and he was found guilty, he could seek to overturn his conviction based on her presence on the jury. Knowing that this was the reason the jail employee remained on the jury, Sommers believed that, if he brought a claim that LaMendola was ineffective for not striking the jail employee, this reason would come to light and be highly damaging to Douglas's chances for postconviction relief.
¶16 In sum, Douglas fails to persuade us that postconviction counsel Sommers was ineffective and, therefore, Douglas fails to show that the circuit court erred in denying his WIS. STAT . § 974.06 motion.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.