**COURT OF APPEALS
DECISION
DATED AND FILED**

**October 20, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2020AP1430**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019CV518

**IN COURT OF APPEALS
DISTRICT IV**

MATHEW NEISLER,

    PLAINTIFF-APPELLANT,

  V.

LABOR AND INDUSTRY REVIEW COMMISSION,
DEPARTMENT OF WORKFORCE DEVELOPMENT,
AND AMP MAINTENANCE INC.,

    DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Dodge County: BRIAN A. PFITZINGER, Judge. *Affirmed*.

Before Kloppenburg, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Mathew Neisler, pro se, appeals a circuit court order upholding a Labor and Industry Review Commission decision that required Neisler to repay unemployment benefits paid in 2005.  We affirm.

¶2      Although the unemployment benefits at issue were paid in 2005, the present dispute began when Neisler contested an overpayment notice he received in August 2018.  The notice stated that Neisler was overpaid benefits for weeks 22 to 24 of 2005.  In contesting the notice, Neisler claimed that he had been incarcerated and had not sought or received benefits during those weeks.

¶3      The Department of Workforce Development investigated Neisler's claim.  It determined that Neisler's credentials had been used to obtain unemployment benefits for weeks 22 to 24, and it rejected the possibility that someone other than Neisler had applied for the benefits without Neisler's knowledge or permission.  Additionally, as a result of its investigation, the Department determined that Neisler had received an overpayment of benefits for weeks 13 to 16 of 2005.

¶4      The Commission reviewed the Department's determination that Neisler was not eligible for benefits during weeks 13 to 16.  It concluded that Neisler was not eligible during those weeks because he was incarcerated without work release privileges and not available for full time work.

¶5      Neisler sought review in the circuit court, and the circuit court upheld the Commission's decision.  Neisler now seeks review in this court.

¶6      "We review the agency's decision, not that of the circuit court, and the scope of our review is the same as that of the circuit court."  *Gilbert v. LIRC*,

2008 WI App 173, ¶8, 315 Wis. 2d 726, 762 N.W.2d 671. The court may set aside the Commission's decision only upon the following grounds:

> a. That the commission acted without or in excess of its powers.
>
> b. That the order was procured by fraud.
>
> c. That the findings of fact by the commission do not support the order.

WIS. STAT. § 108.09(7)(c)6. (2019-20).[1]

¶7 Neisler makes one set of arguments relating to weeks 22 to 24, and another set of arguments relating to weeks 13 to 16. We address each in turn.

*Weeks 22 to 24*

¶8 As to weeks 22 to 24, Neisler does not explicitly invoke our standard of review and instead argues that the doctrine of laches should bar the Department from pursuing overpayments for those weeks. According to Neisler, laches applies because the Department failed to provide him with notice of the overpayments for those weeks prior to August 2018 even though the Department had been aware of the overpayments since 2005.

¶9 The Commission disagrees. It points to evidence that the Department began sending Neisler notice of the overpayments for weeks 22 to 24

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Neisler cites WIS. STAT. § 227.57 for our standard of review, but WIS. STAT. § 108.09(7) contains the applicable standard for Commission decisions relating to unemployment benefits. *See* § 108.09(7)(b), (7)(c)1. (providing that "[a]ny judicial review under this chapter … shall be in accordance with this subsection" and that "the order of the commission is subject to review only as provided in this subsection and not under ch. 227 or s. 801.02").

as early as June 2005, starting with a "UCB-38" notice mailed to Neisler's address of record. The Commission argues that Neisler waived any challenge to the overpayments for weeks 22 to 24 because he did not timely object to the UCB-38 notice as required by WIS. STAT. § 108.09(2)(a) (2005-06).

¶10 We agree with the Commission that Neisler waived any challenge to the overpayments for weeks 22 to 24 by failing to timely object to the UCB-38 notice. WISCONSIN STAT. § 108.09(2)(a) (2005-06) provides that the Department shall mail a notice of any computation or recomputation of benefits to a party's last-known address and that "a party's failure to make specific written objection, received by the department within 14 days after [that] mailing, … is a waiver by such party of any objection thereto." The mailing of the notice creates a presumption that the notice was delivered and received, *see State ex rel. Flores v. State*, 183 Wis. 2d 587, 612, 516 N.W.2d 362 (1994), and Neisler does not point to any evidence to rebut this presumption.[2]

---

[2] Neisler makes other arguments relating to whether he had proper notice of the overpayments for weeks 22 to 24, but each of those arguments plainly lacks merit or is insufficiently developed. For example, Neisler argues that the Department did not provide notice in accordance with the service requirements for a civil lawsuit, but Neisler provides no reason to think that those requirements apply in this context.

We may make allowances for pro se parties, and we have done so here, but we will not accept meritless arguments or develop arguments on a party's behalf. To the extent we do not expressly discuss any argument made by Neisler, we have rejected it as plainly meritless or insufficiently developed. *See Libertarian Party of Wis. v. State*, 199 Wis. 2d 790, 801, 546 N.W.2d 424 (1996) ("[C]hallenges not discussed with specificity can be deemed to lack sufficient merit to warrant individual attention."); *State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) ("We cannot serve as both advocate and judge."). We also decline to address arguments that Neisler raises for the first time in his reply brief. *See Swartwout v. Bilsie*, 100 Wis. 2d 342, 346 n.2, 302 N.W.2d 508 (Ct. App. 1981) ("We will not, as a general rule, consider issues raised by appellants for the first time in a reply brief.").

*Weeks 13 to 16*

¶11     We turn to weeks 13 to 16.  As previously noted, the Commission concluded that Neisler was not eligible for benefits during those weeks because he was incarcerated without work release privileges and not available for full time work.

¶12     Neisler does not challenge the Commission's finding that he was incarcerated without work release privileges during weeks 13 to 16.  Rather, he contends that the Commission exceeded its authority by relying on an administrative code provision created in 2008 as the basis for its conclusion that his incarceration made him unavailable for work.

¶13     The administrative code provision is set forth in WIS. ADMIN. CODE § DWD 128.01.   That provision specifies that an individual claiming unemployment benefits who is incarcerated without work release privileges may be deemed "unavailable for work" and thus not eligible for the benefits.  *See* § DWD 128.01(4)(a), (4)(a)4.

¶14     The Commission maintains that it acted within its powers because the administrative code provision was based on a preexisting policy and implemented a preexisting statute.  The statute, WIS. STAT. § 108.04(2)(a) (2005-06), sets forth eligibility requirements, including a requirement that the claimant be "available for work."  According to the Commission, a claimant is not available for work within the meaning of the statute when the claimant is incarcerated without work release privileges.

¶15     We conclude that the Commission acted within its powers under the preexisting statute when it concluded that Neisler was not available for work.  The

Commission's conclusion was consistent with the statutory language that was in effect in 2005, when Neisler applied for the benefits at issue in this case. Neisler does not explain how a contrary conclusion would have been permissible under the statute.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.