READING, Respondent, vs. READING, Appellant.

*October 6—November 9, 1954.*

58

For the appellant there was a brief by *Kurt Schnellbaecher*, attorney, and *John J. Burke* of counsel, both of Milwaukee, and oral argument by *Mr. Burke*.

For the respondent there was a brief and oral argument by *William H. Freytag* of Elkhorn.

BROADFOOT, J. The defendant contends that the judgment is erroneous. She first calls attention to sec. 270.57, Stats., which provides that the relief granted to the plaintiff, if there be no answer, cannot exceed that which is demanded in the complaint. Attention is also called to the case of *Hoh v. Hoh,* 84 Wis. 378, 54 N. W. 731, in which it was held that this section of the statutes is applicable to divorce cases. This case does not appear to have been overruled by this court, although the rule therein was severely criticized in the case of *Lessig v. Lessig,* 136 Wis. 403, 117 N. W. 792. The defendant also states that the judgment violated sec. 247.35.

In the *Hoh Case* it appears that the defendant made a motion to set aside the portion of the judgment complained of at the term during which such judgment was entered. The court denied the motion and the defendant appealed from the order denying such motion and from the portion of the judgment which provided for a division of the husband's property.

Whether this court should follow the doctrine of the *Hoh Case* or follow the reasoning in the *Lessig Case* makes no difference in the determination of the question before us. An action for divorce is a statutory action governed generally by the provisions of ch. 247 of the statutes. Sec. 247.37 (4), Stats., reads as follows:

"Such judgment or decree, or any provision of the same, may be reviewed by an appeal taken within one year from the date when such judgment or decree was granted. At the expiration of such year, such judgment or decree shall become final and conclusive without further proceedings, unless an appeal be pending, or the court, for sufficient cause shown, upon its own motion, or upon the application of a party to the action, shall otherwise order before the expiration of said period. If an appeal be pending at the expiration of said year, such judgment or decree shall not become final and conclusive until said appeal shall have been finally determined."

The trial court had jurisdiction of the parties and of the subject of the action. Where that is true, even though the court errs in the determination of questions of law or fact, the judgment is not void, and within the period prescribed by law steps can be taken for the correction thereof or for a review upon appeal. Even if the contention of the defendant is correct, and we do not pass thereon, the judgment here is not void and no proceedings have been had for the correction or review thereof.

The defendant next contends that the judgment is ambiguous and should be construed to avoid making it an erroneous

or void judgment. If it be conceded that the judgment as to the division of property is ambiguous we cannot say that the construction given by the court in its order of December 30, 1953, is erroneous. The judgment contemplated a sale of the real estate and in case of said sale it required the defendant to execute a conveyance thereof. The judgment can only be construed to refer to a sale by the plaintiff. The defendant is the only one required to convey by the terms of the judgment. If the judgment contemplated a sale by the defendant it would have required the plaintiff to convey. It is apparent, therefore, that the trial court properly construed the judgment.

As to the plaintiff's motion for review, it appears from the record that the plaintiff consented in open court to make this additional payment. Whether or not the plaintiff could have been compelled to make this payment in the absence of his consent we do not decide. However, as he freely consented in open court we can see no reason for disturbing the order.

*By the Court.*—Order affirmed.