Joseph S. WENGERD, Plaintiff-Respondent,

v.

Earle C. RINEHART and Juanita M. Rinehart, Defendants-Appellants.

Court of Appeals

*No. 82–328. Submitted on briefs May 18, 1983.—*
*Decided August 26, 1983.*

For the defendants-appellants the cause was submitted on the briefs of *Robert D. Sundby* and *DeWitt, Sundby, Huggett & Schumacher, S.C.* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *David E. Nelson* and *Nelson Law Offices* of Richland Center.

Before Gartzke, P.J., Dykman, J. and W.L. Jackman, Reserve Judge.

GARTZKE, P.J.   Earle and Juanita Rinehart have appealed from two orders relating to a March 15, 1979 judgment requiring them to specifically perform their

contract to sell their farm to Joseph Wengerd. The first order appealed from was entered November 24, 1981. It denied relief from an order entered November 1, 1979 after Rineharts failed to perform as required by the amended judgment. Among other things, it extended the time for Wengerd to pay the purchase price. The second order appealed from was entered May 28, 1982. It denied Rineharts' motion for relief from the judgment and the orders amending it. Rineharts did not appeal the judgment or amendatory orders.

The primary issues are whether the November 1979 order and the March 1979 judgment and its amendatory orders are void. We conclude they are not. A secondary issue is whether the trial court erred by awarding attorney fees and costs on a motion, pursuant to sec. 814.025, Stats., the frivolous claims statute. We conclude that the fees and costs cannot be awarded without an evidentiary hearing and reverse the first order appealed to the extent of the award. We otherwise affirm both orders.

### 1. *November 24, 1981 Order*

Rineharts' pro se motion to set aside the November 1979 order was based on sec. 806.07 (1) (d), Stats., which authorizes a trial court to relieve a party from a void judgment. Neither the statute nor our case law applying it has defined "void." Because sec. 806.07 is based on Fed. R. Civ. P. 60 (b) which also allows a trial court to set aside a void judgment, federal precedents are helpful.

A judgment is not "void for purposes of Fed. R. Civ. P. 60 (b) (4) unless the court rendering it lacked subject matter or personal jurisdiction or denied a party due process of law. *United States v. McDonald,* 86 F.R.D. 204, 208 (N.D. Ill. 1980) ; *DiCesare-Engler Productions, Inc. v. Mainman, Ltd.,* 81 F.R.D. 703, 704 (W.D. Pa.

1979). The federal cases are consistent with *Reading v. Reading,* 268 Wis. 56, 60, 66 N.W.2d 753, 755 (1954), stating in dictum that if a trial court had personal and subject matter jurisdiction, its judgment is not void even if based on errors of law or fact.

The November 1, 1979 order was entered following a hearing held October 18, 1979. The trial court scheduled the hearing on its own motion when it learned that the closing had not occurred, notwithstanding the judgment and amendatory orders which had directed a closing in the spring of 1979. The court found that Rineharts had attempted to frustrate the judgment and orders and had made it impossible for Wengerd to perform. The order extended the time for Wengerd to pay the Rineharts, directed them to deliver the title abstract to Wengerd, fixed the time for payment if Rineharts' title was merchantable or if title defects existed, and directed Wengerd to deposit the purchase price with the clerk. Rineharts did not appeal from the order.

Rineharts filed their motion September 19, 1980 for relief from the November 1979 order. We have scrutinized Rineharts' supporting affidavits for a claimed factual basis showing that when the trial court entered the order, it lacked jurisdiction or denied the Rineharts due process of law.[1] The first affidavit alleges no facts touching jurisdiction or due process. Rineharts filed a second affidavit in September 1981 to support their claim that the November 1979 order was void. It describes several events, almost all of which occurred well after the order was entered and do not touch jurisdictional or due process issues.

Rineharts have appellate counsel, who raise two groups of issues pertaining to the November 24, 1981 order. The

---

[1] We examined Rineharts' motion papers with their pro se origin in mind. *Compare Haines v. Kerner,* 404 U.S. 519, 520 (1972) (prison inmate's pro se pleadings in civil rights case held to "less stringent standards than formal pleadings drafted by lawyers").

first group consists of new assertions: that the original judgment and orders amending it are void for jurisdictional, constitutional, and statutory reasons. Rineharts raised none of those issues in their motion for relief. A firmly established standard of judicial review is that, normally, an appellate court will not examine contentions raised for the first time on appeal. *Wirth v. Ehly*, 93 Wis. 2d 433, 443, 287 N.W.2d 140, 145 (1980). Because the same issues are properly raised by counsel in the appeal from the order entered in May 1982, we discuss them in that part of this opinion.

The second group of issues pertains to the way the trial court held the motion hearing and to allowance of costs and fees in the November 1981 order. Counsel contend that the hearing was illusory and denied the Rineharts procedural due process. Juanita Rinehart testified in support of the motion. She offered seven exhibits in evidence, including the two supporting affidavits. The court received the exhibits but said it would not read them. The court refused to allow her to call Wengerd's lawyer as a witness. The court ruled that the matter had become final on the November 1979 order, Rineharts' recourse having been to appeal from or to move for rehearing of that order.

A trial court has considerable discretion in the conduct of a trial, and its rulings will not be disturbed unless a party's rights have been prejudiced. *Valiga v. National Food Co.*, 58 Wis. 2d 232, 253, 206 N.W.2d 377, 389 (1973). Juanita Rinehart made no attempt to tell the court the purpose or relevance of her proposed examination of Wengerd's lawyer. Ordinarily, under Sec. 901.03 (1) (b), Stats., a party must make an offer of proof concerning the substance of excluded testimony to preserve the issue for appeal. *Lambert v. State*, 73 Wis. 2d 590, 605–06, 243 N.W.2d 524, 531–32 (1976). We

cannot decide whether the Rineharts were denied due process by the court's refusal to allow Wengerd's lawyer to be called as a witness when they failed to make an offer of proof or at least advise the court of the areas into which inquiry was desired.

Although the court's exasperation is understandable, we do not approve the trial court's outright refusal to examine the exhibits introduced by Juanita Rinehart. At the close of the hearing which resulted in the November 1979 order, the court said Rineharts had used every available method to frustrate the sale and had flouted the court's orders. At the close of the hearing which resulted in the November 1981 order, the court said the proceedings had been a complete waste of time and held that Rineharts' motion was frivolous. Our examination of the exhibits convinces us that the trial court's assessment was accurate. The exhibits do not address the issues raised by the motion for relief from judgment, due process and jurisdiction. Under these circumstances, the Rineharts were not prejudiced by the court's refusal to examine the exhibits and the error, if any, was harmless. Sec. 805.18(2), Stats.

The trial court allowed Wengerd $630 for attorney's fees and travel expenses under sec. 814.025, Stats., the frivolous claims statute. A party seeking relief under sec. 806.07, Stats., does so by motion. Sec. 806.07(1). Rineharts contend that sec. 814.025 does not allow an award of costs and attorney's fees on a frivolous motion. Section 814.025(1) requires the trial court to award the successful party costs and reasonable attorney's fees "[i]f an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found . . . to be frivolous by the court . . . ." The statute refers to an action, special proceeding, counter-

claim, defense or cross-complaint, but not to a motion. The question is whether an attack on a judgment for voidness under sec. 806.07(1)(d) is a special proceeding, notwithstanding it is initiated by a motion for relief.

A motion may initiate a special proceeding. For example, a non-party desiring to intervene in an action must initiate the request by motion. Sec. 803.09(3), Stats. An order denying intervention to a non-party is a final order in a special proceeding. *State v. McDonald Lumber Co.,* 9 Wis. 2d 206, 207, 100 N.W.2d 701, 702 (1960) (dicta); *Hartwig v. Harvey,* 250 Wis. 478, 480, 27 N.W.2d 363, 364 (1947). More specifically, an order vacating a judgment, made upon a motion to vacate and set aside, is entered in a special proceeding. *Deuster v. Zillmer,* 119 Wis. 402, 407–08, 97 N.W. 31, 33–34 (1903).

We conclude that an order on a motion for relief from a judgment under sec. 806.07(1)(d), Stats., is entered in a special proceeding. Accordingly, if the motion is frivolous, costs and reasonable attorneys fees may be awarded under sec. 814.025(1), Stats.

The trial court did not conduct a hearing on the question whether Rineharts' motion was frivolous or on the reasonableness of the costs and fees awarded to Wengerd. We said in *In Matter of Estate of Bilsie,* 100 Wis. 2d 342, 356, 302 N.W.2d 508, 517 (Ct. App. 1981), that to deny a party or an attorney a hearing on the issue of frivolousness would raise a serious due process question. A hearing was appropriate in *Bilsie* because frivolousness turned on the quantum of evidence presented by the objector to probate of a will. At least a possibility existed that the objector had possessed evidence which had become unavailable by the time of the hearing.

A separate hearing on frivolousness is unnecessary in the case before us. The Rineharts presumably submitted all the facts they relied on in their affidavits and at the

hearing held on their motion to support their claim that the November 1979 order was void. The facts being undisputed, whether the Rineharts should have known that their motion had no reasonable basis in law or equity is an issue of law. *State v. State Farm Fire & Cas. Co.*, 100 Wis. 2d 582, 601–02, 302 N.W.2d 827, 837 (1981). That issue can be resolved on the basis of the affidavits and evidence. We conclude from the affidavits and evidence that the Rineharts knew or should have known that their motion for relief under sec. 806.07(1)(d), Stats., "was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." Accordingly, the motion was frivolous, as a matter of law, under sec. 814.025(3)(b), Stats.

Rineharts' appellate counsel argue that the motion has been shown not to be frivolous for the reasons now asserted by counsel on appeal. Those were not the reasons submitted to the trial court in support of Rineharts' motion. *Post hoc* reasons supplied on appeal do not cure the motion's frivolity when made to the trial court.

We turn to the items included in the award for cost and fees. The court allowed the plaintiff Wengerd travel expenses in the amount of $80.00, with no explanation. It allowed $550.00 as attorney's fees because it had been advised that was the amount Wengerd's counsel had charged him for services in connection with the motion.

The trial court erred when allowing travel expenses as costs. Costs are statutory. *State ex rel. Korne v. Wolke*, 79 Wis. 2d 22, 24–25, 255 N.W.2d 446, 448 (1977). Sec. 814.025(1), Stats., the frivolous claims statute, requires the court to award to the successful party "costs determined under s. 814.04 and reasonable attorney fees." Sec. 814.04 is silent regarding travel expenses for a party. We are aware of no statute allowing travel ex-

penses as an item of costs to a successful party. A reasonable attorney's fee does not embrace the travel expenses of a party.

The record is insufficient for appellate review of the attorney's fees awarded. The reasonableness of fees is a mixed question of law and fact. The pertinent factual considerations are outlined in *Herro, McAndrews & Porter v. Gerhardt*, 62 Wis. 2d 179, 184, 214 N.W.2d 401, 404 (1974) and other cases, as well as S.C.R. 20.12. We need factual findings by the trial court. The court of appeals lacks jurisdiction to find the facts in a disputed context. *Wurtz v. Fleischman*, 97 Wis. 2d 100, 107 n. 3, 293 N.W.2d 155, 159 (1980).

Consequently, this matter must be remanded to the trial court for an evidentiary hearing on the attorney's fees to be allowed to plaintiff under sec. 814.025(1), Stats.

### 2. *May 28, 1982 Order*

Rineharts, by their counsel, sought relief pursuant to sec. 806.07(1)(d), Stats., from the judgment and the orders amending it April 19, 1979 and May 28, 1979, on grounds that the judgment and orders were void. The trial court heard and denied the motion after Rineharts appealed from the November 1981 order.

Section 808.07(2)(a)4, Stats., authorizes a trial court to hear and determine a motion filed under sec. 806.07, Stats., while an appeal is pending. Accordingly, the trial court did not err in hearing the motion after this appeal was filed.

The issue raised by Rineharts' motion to set aside the judgment and the amendatory orders is whether the trial court had jurisdiction and plaintiffs' due process rights were violated by the judgment or order under attack.

*United States v. McDonald, supra; DiCesare-Engler Productions, Inc. v. Mainman Ltd., supra.*

Rineharts first contend that the judgment was merely an order requiring Wengerd to notify them that there was to be a real estate closing. We disagree. The judgment, however poorly drafted, directed the defendants to proceed with the closing, granting a form of specific performance.

Rineharts contend that the trial court erred by judicially conveying the farm on a complaint which sought only specific performance. They point out that an action for specific performance operates on the person, not the land. *Goldman v. Bloom,* 90 Wis. 2d 466, 476, 280 N.W.2d 170, 174–75 (1979). If the court erred, however, the error was not jurisdictional and did not affect Rineharts' right to due process.

The amendatory orders provided that upon the "filing" of certain documents with the register of deeds, "such documents shall act as a conveyance of the real property, as provided in . . ." specified statutes which contain no such provisions. Rineharts argue that the trial court lacked subject matter jurisdiction to convey their real estate under the specified statutes. We disagree. Whether a court has subject matter jurisdiction depends on whether it has power to entertain a particular type of action. *Mueller v. Brunn,* 105 Wis. 2d 171, 177, 313 N.W.2d 790, 793 (1982). The trial court had power to effect a judicial conveyance. Section 840.03(1)(i), Stats., provides in substance that a person having an interest in real property may bring an action relating to that interest in which he may demand certain remedies including a judicial conveyance. If the court improperly effected a judicial conveyance, the error did not go to its power over the action or to grant the particular relief. It was

not jurisdictional error and did not effect Rineharts' due process rights.

Rineharts assert they were denied procedural due process in the noticing and conduct of the hearing which resulted in the original judgment. Rineharts had notice that a motion would be heard for an order enforcing the stipulation with Wengerd. They attended the hearing. After the hearing, the trial court found that Wengerd was ready and able to perform but Rineharts would not comply. The trial court then ordered entry of the March 1979 judgment.

At no time before 1982 did Rineharts complain that the 1979 judgment granted relief not sought by the motion. Rineharts waived the error, if it was error, by failing promptly to object or to appeal. We are unconvinced that they were denied due process by the proceedings culminating in the judgment.

Rineharts argue the amendatory orders are void because they were entered without giving Rineharts prior notice and an opportunity to be heard. The April 19, 1979 order recites that, in accordance with the terms of the judgment, Wengerd scheduled an April 1979 closing date, but Rineharts failed to appear at the closing "and have thereby frustrated the court's order, for transfer of the property." The order provides that a certified copy of the original judgment and of the order amending judgment be "filed" with the register of deeds for a conveyance, and that a copy of the order be served on the Rineharts by certified mail not later than five days after entry. Rineharts do not claim that Wengerd failed to serve them as required by the order. The second order amending the judgment provided for notice to Rineharts by service five days after the date of the order. Rineharts acknowledge that the second order was served on them.

■

The orders amending the judgment were defective because they were not made on notice. Due process requires that an individual whose rights will be affected by judicial decree be given notice reasonably calculated to inform the person of the proceeding and to afford that person an opportunity to object and defend his or her rights. *In Matter of Estate of Fessler,* 100 Wis. 2d 437, 447, 302 N.W.2d 414, 419 (1981).

■

Judgments entered contrary to due process are void. *United States v. McDonald, supra; DeCesare-Engler Productions, Inc. v. Mainman, Ltd., supra.* Section 806.07, Stats., provides that on motion made "within a reasonable time," the court may relieve a party from a void judgment. Because we hold that Rineharts have waived the error, it is unnecessary for us to determine whether Rineharts correctly contend that in the case of a void judgment or order, "within reasonable time . . ." means the motion may be brought at any time.

Due process objections can be waived by subsequent acts.[2] *Western L. Indemnity Co. v. Rupp,* 235 U.S. 261, 271 (1914). In *Western L. Indemnity,* defendant-appellant made a special appearance and moved to quash service of process. The trial court denied the motion. Defendant appeared at the trial, preserved its jurisdictional objection, and demurred. Judgment was rendered against

[2] In *Kohler Co. v. ILHR,* 81 Wis. 2d 11, 25, 259 N.W.2d 695, 701 (1977), the court said, "[a] void judgment cannot be validated by consent, ratification, waiver, or estoppel." (Footnote omitted.) *Kohler,* however, was based on sec. 269.46(1), Stats., the predecessor to sec. 806.07, Stats., which did not apply to void judgments. *West v. West,* 82 Wis. 2d 158, 165–66, 262 N.W.2d 87, 90 (1978). The court has since questioned whether sec. 806.07, Stats., changed former law that void judgments can be challenged at any time. *Wisconsin Public Service Corp. v. Krist,* 104 Wis. 2d 381, 385–86 n. 3, 311 N.W.2d 624, 627 (1981) (dicta).

plaintiff, who appealed. Defendant did not raise the jurisdictional issue by cross-appeal. The judgment was reversed, and on remand the plaintiff prevailed. The court held in the defendant's appeal that it had waived the jurisdictional objection. *Id.* at 271. *Compare, Collex, Inc. v. Walsh,* 74 F.R.D. 443, 448–49 (E.D. Pa. 1977) (party having unsuccessfully moved for relief from judgment under other provisions of Fed. R. Civ. P. 60(b), can not, without good cause, bring a second motion under Fed. R. Civ. P. 60(b) on theory that the judgment was void).[3]

Knowing of the action taken within five days of each order, Rineharts failed to object or take any action to modify the orders or to appeal them. Not until nearly three years after the last of those orders was entered did the Rineharts complain of no notice, in spite of filing at least two motions which indirectly attacked those orders on numerous other grounds. To the extent Rineharts were denied due process, we hold they waived the error as a matter of law.

*By the Court.*—Orders affirmed in part, reversed in part, and remanded for an evidentiary hearing on plaintiff's attorney's fees.

---

[3] Other jurisdictions have held that res judicata requires dismissal of a second motion based on Fed. R. Civ. P. 60(b) (or similar state laws) when the issue was or could have been adjudicated in the first motion. *Calhoun v. Greening,* 636 P.2d 69, 72–73 (Alaska 1981); *Royal Coachman Color Guard v. Marine Trading,* 398 A.2d 382, 383–84 (Me. 1979); *Perkins v. Salem,* 249 So. 2d 466, 467 (Fla. Dist. Ct. App. 1971) *reh'g denied. See also,* 7 Moore's Federal Practice § 60.28[8] at 413 (2d ed. 1982). *Cf., Lynch v. Betts,* 18 Cal. Rptr. 345 (Cal. Ct. App. 1962).