COURT OF APPEALS
DECISION
DATED AND FILED

March 4, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1149**

STATE OF WISCONSIN

Cir. Ct. No. 2009CV342

IN COURT OF APPEALS
DISTRICT IV

THE BANK OF NEW YORK MELLON FKA BANK OF NEW YORK,

PLAINTIFF-RESPONDENT,

V.

JOHN A. GLAVIN AND GABRIELLE LUCY GLAVIN,

DEFENDANTS-APPELLANTS,

V.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., UNIFUND CCR PARTNERS, CITIBANK (SOUTH DAKOTA) N.A., THE UNITED STATES OF AMERICA, THE UNITED STATES OF AMERICA AND WISCONSIN RIVER CO-OP SERVICES,

DEFENDANTS,

THE BANK OF NEW YORK MELLON, SUCCESSOR TO THE BANK OF NY,

CREDITOR.

APPEAL from orders of the circuit court for Juneau County: MICHAEL P. SCRENOCK, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard, and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. This appeal arises out of a foreclosure action initiated in 2009 by the Bank of New York Mellon against John Andrew Glavin and Gabrielle Lucy Glavin.[1]  The circuit court entered a judgment of foreclosure in 2010 and an amended judgment of foreclosure in 2012.  In 2020, the court issued an order confirming the sheriff's sale of the property and an order denying the Glavins' "Motion to Vacate Void Judgment."[2]  On appeal, the Glavins challenge the court's denial of their motion to vacate.[3]  Because the Glavins fail to show that the foreclosure judgment is void under the applicable case law, we affirm.

---

[1]  The Bank named additional defendants who are not parties to this appeal.

[2]  The Honorable Patrick Taggart entered the 2010 judgment of foreclosure and the 2012 amended judgment of foreclosure.  The 2012 amended judgment modified the original 2010 judgment of foreclosure in ways that are not material to this appeal.  For ease of reading, we generally refer to the 2010 judgment of foreclosure as the 2010 judgment and to the 2012 amended judgment of foreclosure as the foreclosure judgment or judgment.  Judge Taggart also entered a 2014 order vacating a post-judgment confirmation of sale based on improper notice.

The Honorable Michael P. Screnock presided over the proceedings beginning in June 2015 and entered the 2020 orders from which this appeal is taken.

[3]  On appeal, the Glavins do not argue that the circuit court erred in issuing the order confirming the sale of the property, separate from their challenge to the order denying their motion to vacate the foreclosure judgment.  Accordingly, we deem this issue abandoned and do not address it further.  *See State v. Ledger*, 175 Wis. 2d 116, 135, 499 N.W.2d 198 (Ct. App. 1993) (issues that are not briefed or argued on appeal are deemed abandoned).  *See also Service Emp. Int'l Union Loc. 1 v. Vos*, 2020 WI 67, ¶24, 393 Wis. 2d 38, 946 N.W.2d 35 ("We do not step out of our neutral role to develop or construct arguments for parties; it is up to them to make their case.").

## BACKGROUND

¶2 The following facts are undisputed for purposes of summary judgment and this appeal.

¶3 The Glavins executed a note secured by a mortgage in 2006. The Bank filed this action in 2009, alleging that the Glavins failed to comply with the terms of the note and mortgage "by failing to pay past due monthly installments payments" as of April 2009, and seeking a judgment of foreclosure. This appeal concerns events that occurred during the course of litigation in 2010, 2012, 2014, and 2020.

*2010 Events*

¶4 In October 2010, the Bank filed a motion for default judgment against Ms. Glavin based on her failure to answer the complaint and a motion for summary judgment of foreclosure against Mr. Glavin.[4] The Glavins did not respond to either motion.

¶5 The circuit court granted the Bank's motion for summary judgment. Mr. Glavin removed the case to federal court and three days later the court signed the judgment of foreclosure.

---

[4] On appeal, the Glavins make no argument as to any error in the circuit court's granting the Bank's motion for default judgment against Ms. Glavin, and neither party makes any arguments as to the significance, if any, of the granting of that motion to the issues on appeal. Rather they argue about the granting of the Bank's motion for summary judgment and the entry of the judgment of foreclosure as applicable to both Glavins. We follow their lead and do not again refer to the motion for default judgment.

*2012 Events*

¶6     The federal court remanded the case to the circuit court in March 2012.  In May 2012, the Bank filed an amended judgment of foreclosure for the circuit court's signature.  The Glavins subsequently filed a motion to dismiss.  In July 2012, the circuit court held a hearing on the Bank's renewed motion for summary judgment of foreclosure and on the Glavins' motion to dismiss.  At the conclusion of the hearing, the court ruled in favor of the Bank.  The court entered an amended judgment of foreclosure on July 10, 2012.  The Bank subsequently filed a notice of confirmation of sale and the court issued an order confirming the sale.

*2014 Events*

¶7     In April 2014, Mr. Glavin filed a motion to vacate the judgment of foreclosure and the confirmation of sale on numerous grounds, including that he had not received notice of the confirmation of sale.  In October 2014, the circuit court issued a decision in which it addressed the notice argument and concluded that "[t]he motion to vacate the order confirming sale is granted, due to defective notice to Mr. Glavin.  The confirmation [of] sale must be re-noticed with proper notice to Mr. Glavin."

¶8     On December 1, 2014, the Bank filed a new notice of confirmation of sale.  Before a scheduled hearing on the notice was held, the Glavins filed a notice of appeal to this court and separately filed a notice of yet another removal to federal court.  The federal court remanded the case to the circuit court in March 2015; in April 2015 this court dismissed the appeal because it was of a nonfinal order.  From April 2015 until April 2020, the case bounced back and forth

between federal court and the circuit court multiple times, but details regarding that history are not pertinent.

*2020 Events*

¶9     In April 2020, the Bank again filed a notice of confirmation of sale and the Glavins filed a "Motion to Vacate Void Judgment," referring to the foreclosure judgment. On April 21, 2020, the circuit court held a hearing on the notice and the motion. At the conclusion of the hearing, the court ruled in favor of the Bank. The court issued an order confirming the sale and an order denying the motion to vacate on June 1, 2020. This appeal follows.

## DISCUSSION

¶10     The Glavins filed their motion to vacate the foreclosure judgment on the ground that it is void pursuant to WIS. STAT. § 806.07(1)(d) (2017-2018).[5] We first discuss the applicable standard of review and general legal principles. We next discuss why all of the Glavins' arguments challenging the circuit court's denial of their motion to vacate fail.

### I. Standard of Review and General Legal Principles

¶11     "We review a circuit court's decision to grant relief under WIS. STAT. § 806.07 for an erroneous exercise of discretion." *Christian R.H.*, 2011 WI App 2, ¶14, 331 Wis. 2d 158, 794 N.W.2d 230; *Sukala v. Heritage Mut. Ins. Co.*, 2005 WI 83, ¶8, 282 Wis. 2d 46, 698 N.W.2d 610.

---

[5] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶12    A judgment is void for purposes of WIS. STAT. § 806.07(1)(d) under only two conditions:  (1) the court rendering it lacked subject matter or personal jurisdiction; or (2) the court rendering it denied a party due process.  *Christian R.H.*, 331 Wis. 2d 158, ¶15; *Wengerd v. Rinehart*, 114 Wis. 2d 575, 578–79, 338 N.W.2d 861 (Ct. App. 1983).  Here, the Glavins do not argue that the circuit court lacked subject matter or personal jurisdiction.

## II.  Challenge to the Circuit Court's Order

¶13    The Glavins make the following four arguments in support of their challenge to the circuit court's order denying their motion to vacate the foreclosure judgment as void.  First, the circuit court erred in granting the Bank's motion for summary judgment.  Second, the circuit court entered the 2010 and 2012 foreclosure judgments without a trial and failed to hold a hearing on their 2014 motion to vacate, and the judge was biased.  Third, the Bank acted fraudulently. Fourth, the circuit court erroneously exercised its discretion in denying their motion to vacate.  We address each argument in turn.

### A.  *Error in Granting Summary Judgment*

¶14    The Glavins argue that the foreclosure judgment is void because the Bank did not make a prima facie case for summary judgment and, therefore, the circuit court erred as a matter of law in granting summary judgment in favor of the Bank and entering the foreclosure judgment.  *See **Palisades Collection LLC v. Kalal**, 2010 WI App 38, ¶9, 324 Wis. 2d 180, 781 N.W.2d 503 (court examines moving party's submissions to determine whether they constitute a prima facie

case for summary judgment).[6]  However, even if the Glavins are correct about the absence of a prima facie case, under controlling case law an error of fact or law is not a basis for vacating the foreclosure judgment as void.

¶15    A "circuit court's erroneous legal conclusion does not render [the judgment] void for purposes of WIS. STAT. § 806.07(1)(d)." ***Christian R.H.***, 331 Wis. 2d 158, ¶19; ***Reading v. Reading***, 268 Wis. 56, 60, 66 N.W.2d 753 (1954) (holding that an erroneous determination of law or fact does not render a judgment void).  As we have explained:

> This interpretation of WIS. STAT. § 806.07(1)(d) maintains the judiciary's longstanding emphasis on the principle of finality.  [Section] § 806.07 strikes a balance between the judiciary's interest in achieving fair resolutions of disputes and the policy favoring finality of judgments.  At some point, the former must give way to the latter.

***Christian R.H.***, 331 Wis. 2d 158, ¶18 (internal citations omitted).

¶16    Thus, even if the Glavins' argument constituted a meritorious challenge to the legal soundness of the circuit court's decision, it would not show that the foreclosure judgment is void.[7]

---

[6] The Bank in response does not address the substance of this argument but raises procedural arguments that appear to be based on misunderstandings about the nature of the prima facie case that the Bank was obligated to present in order to pursue summary judgment.  We do not address these arguments given our determination that, even if the Glavins are correct, such an error does not render the judgment void.

[7] In light of some confusion in the record, we observe that our 2015 order dismissing the Glavins's 2014 appeal as premature implicitly indicated that, once a final order confirming sale was entered, the Glavins would be able to appeal that order and present their argument that the foreclosure judgment is void because the circuit court erred in granting the Bank's motion for summary judgment.  To clarify, that appeal was of an order entered in response to the Glavins' motion to vacate the foreclosure judgment as void.  The order that the Glavins challenge in this appeal was also entered in response to their motion to vacate the foreclosure judgment as void.  As explained in the text, although the Glavins present their erroneous summary judgment

(continued)

*B. Denial of Trial and Hearing and Judicial Bias*

¶17     The Glavins argue that the judgment is void because the circuit court entered the 2010 and 2012 foreclosure judgments without conducting a trial and issued the 2014 order in response to the Glavins' motion to vacate the judgment as void without holding an evidentiary hearing, and because the judge exhibited bias when the 2010, 2012, and 2014 rulings were made. We reject this set of arguments for the following reasons.

¶18     The Glavins' argument that the circuit court denied them their right to a trial when it entered a judgment of foreclosure on the Bank's motions for summary judgment in 2010 and 2012 fails because the purpose of summary judgment is "to avoid trials when there is nothing to try." ***Tews v. NHI, LLC***, 2010 WI 137, ¶42, 330 Wis. 2d 389, 793 N.W.2d 860. Thus, this argument also does not stand alone from, and merely attempts to repackage, the Glavins' argument that the court's error in granting summary judgment renders the foreclosure judgment void. We reject that attempt as contrary to the legal principles cited above.

¶19     We reject as undeveloped the Glavins' argument that the circuit court denied them their right to an evidentiary hearing in 2014 when it considered their motion to vacate the foreclosure judgment as void. The Glavins do not explain how the court's handling of their 2014 motion to vacate could render the 2012 foreclosure judgment void. Accordingly, we do not address this argument further. *See **Clean Wisconsin, Inc. v. Public Serv. Comm'n of Wisconsin***, 2005

argument in support of this appeal, the argument cannot yield them any relief because, even if true, such a legal error does not render the resulting judgment void.

WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments.").

¶20    The Glavins' argument that they were denied due process because of judicial bias is unsupported by pertinent legal authority or the record.  When analyzing a claim of judicial bias, we "presume that the judge was fair, impartial, and capable of ignoring any biasing influences." *State v. Gudgeon*, 2006 WI App 143, ¶20, 295 Wis. 2d 189, 720 N.W.2d 114.  The burden is on the party asserting judicial bias to show bias by a preponderance of the evidence. *State v. Herrmann*, 2015 WI 84, ¶24, 364 Wis. 2d 336, 867 N.W.2d 772.  The Glavins purport to premise their argument of judicial bias on the mere fact that the judge ruled against them, granting the Bank's motions for summary judgment in 2010 and 2012 without a trial, and responding to the Glavins' 2014 motion to vacate the judgment without a hearing.  The Glavins cite no authority supporting the premise that a determination of bias may be based solely on a judge's adverse rulings against a party, and point to no statement by the judge during the proceedings in 2010, 2012, or 2014 that shows bias or shows that he in any way treated the Glavins unfairly.  This argument has no support or merit.

## C. Fraud

¶21    The Glavins argue that the judgment is void because the Bank fraudulently alleged and then argued that there was no genuine issue of material fact to be tried.  Under WIS. STAT. § 806.07(1)(c), "Fraud, misrepresentation, or other misconduct of an adverse party" is grounds for vacating a judgment as void. Sec. 806.07(1)(c).  However, the Glavins' fraud argument does not stand alone from their argument that the circuit court's error in granting the Bank's motion for summary judgment renders the foreclosure judgment void, in that it essentially

attributes to the Bank and its counsel the same error of law that the Glavins assert the circuit court made.[8]

### D. Erroneous Exercise of Discretion

¶22    The Glavins argue that the circuit court erroneously exercised its discretion in denying their 2020 motion to vacate. We have concluded for reasons explained above that the court properly denied the Glavins' motion to vacate the judgment as void because the Glavins fail to show that the judgment is void. Because that conclusion is dispositive, we do not further address the Glavins' argument that the court erroneously exercised its discretion. *See **Barrows v. American Fam. Ins. Co.***, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

### CONCLUSION

¶23    For the reasons stated above, we affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[8] In addition, the Glavins in their reply brief also do not contest the Bank's argument in its response brief that, under WIS. STAT. § 806.07(2), a party seeking to vacate a judgment for fraud must file the motion not more than one year after the judgment was entered, and that, because no such motion was filed within that time frame here, the Glavins' attempt to vacate the judgment for fraud is untimely. Accordingly, as an additional reason to reject this argument, we deem the Glavins to have conceded that the Bank's argument on this point is correct. *See **Fischer v. Wisconsin Patients Comp. Fund***, 2002 WI App 192, ¶1 n.1, 256 Wis. 2d 848, 650 N.W.2d 75 ("An argument asserted by a respondent on appeal and not disputed by the appellant in the reply brief is taken as admitted.").