COURT OF APPEALS
DECISION
DATED AND FILED

June 29, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.       **2019AP2096**

STATE OF WISCONSIN

Cir. Ct. No.  2009CV777

IN COURT OF APPEALS
DISTRICT III

LTD ACQUISITIONS LLC,

   PLAINTIFF-RESPONDENT,

 V.

JOE E. MEIER,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Chippewa County: STEVEN H. GIBBS, Judge. *Reversed and cause remanded with directions*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Joe Meier, pro se, appeals from an order denying reconsideration of the denial of his motion to vacate a default judgment. Because

we conclude service of the summons and complaint upon Meier was improper, we reverse and remand with directions to vacate the judgment and dismiss the case.

## BACKGROUND

¶2    LTD Acquisitions, LLC (LTD) purchased Meier's alleged credit card debt from Chase Bank USA, NA.  In November 2009, LTD brought the present action against Meier for an alleged unpaid balance on the credit card account.  LTD unsuccessfully attempted personal service upon Meier at 113 West Linden Street in Chippewa Falls, Wisconsin.  An affidavit of non-service averred:

> Barbara Coleman and Lynn Fisher live here, [and they] say [Meier] never lived here.  [Meier] talked them into using [their] address [at 113 West Linden Street, Chippewa Falls, Wisconsin, 54729] for mail.  [Meier] stops in every 6 months or so to [pick up] mail … [g]ave me phone # [ ] and email [ ] they also say he's not a citizen[, and that] many collection letters [have been] mailed here.

¶3    LTD subsequently attempted service by publication in Chippewa County.  A default judgment was then entered on April 8, 2010.  Multiple fruitless garnishments were allegedly initiated by LTD over the years.

¶4    On April 26, 2019, Meier filed a motion to reopen and vacate the default judgment.  Meier stated, "It was recently brought to my attention that the Court ruled in favor of the Plaintiff in a case against me, in my absence."  He stated, "I have no idea what this claim is about," and "I categorically deny and dispute any and all claims filed against me …."  Meier further asserted that he was "out of the country, living and working in Europe for an extended period of time," and not living in Chippewa Falls at the time this case was commenced, or when the judgment was entered.

¶5 Meier also contended in his motion to vacate that the circuit court had "already properly dismissed a similar case against me, by the same plaintiff, in Chippewa County, for non-service." Meier attached to his motion an affidavit of non-service from that case dated one month before the affidavit of non-service in the present case. Written comments from the process server in the prior case stated, "10/28/09 6:13pm does not live at address given per owner of the property for the last 18 years." According to Meier, LTD acted in bad faith by attempting service at 113 West Linden Street in the present action, "knowing full well that I was NOT living at the address in Chippewa County."

¶6 The circuit court held a hearing on Meier's motion to vacate. Meier testified at the hearing and was asked by the court if he disputed that he "had a credit card here?" Meier testified that he "never had an account with Chase." He also disputed "entirely" LTD's claims. Meier further testified that he never asked Barbara Coleman or Lynn Fisher "to take care of mail for me" at 113 West Linden Street.

¶7 The circuit court issued a written decision denying Meier's motion to reopen and vacate the default judgment. The court found that Meier failed to meet his burden to prove he was entitled to reopen the judgment under WIS. STAT. § 806.07(1) (2019-20),[1] because he did not contest having the credit card or the amount of the debt requested. The court stated that "[h]e simply asserts he was not served as he was living in another country." The court also found that it was

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

precluded from reopening the judgment under § 806.07(2), because the motion was filed more than one year after the judgment was entered.

¶8 Meier then filed a motion for reconsideration. He argued the circuit court erred by finding that he did not dispute the debt. He also noted that LTD had been told a month prior to filing the present lawsuit that he had not lived at the Linden Street address for the last eighteen years. Meier further argued that the one-year rule in WIS. STAT. § 806.07(2) did not apply as the judgment was void.

¶9 The circuit court summarily denied the reconsideration motion. Meier filed another response reiterating and attempting to clarify his arguments. Meier then filed another motion to reconsider, and additional documents, but the court did not address those filings. Meier now appeals.

## DISCUSSION

¶10 We will not reverse a circuit court order denying a motion for reconsideration unless there has been an erroneous exercise of discretion. ***Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.***, 2004 WI App 129, ¶6, 275 Wis. 2d 397, 685 N.W.2d 853. A judgment issued by a court lacking personal jurisdiction is a nullity under WIS. STAT. § 806.07(1)(d), and defects in the service of process can deprive the court of personal jurisdiction. ***Wengerd v. Rinehart***, 114 Wis. 2d 575, 578-79, 338 N.W.2d 861 (Ct. App. 1983); ***Big Valley Farms, Inc. v. Public Serv. Corp***., 66 Wis. 2d 620, 622-23, 225 N.W.2d 488 (1975). Whether a judgment or order is void for lack of jurisdiction is a matter of law that we review de novo. *See **State v. Big John***, 146 Wis. 2d 741, 748, 432 N.W.2d 576 (1988).

¶11 Meier moved to reopen the default judgment because he did not live at the Chippewa Falls address at which LTD attempted to serve him. The affidavit of non-service in the prior case filed in 2009 by LTD against Meier clearly showed that approximately one month before the present lawsuit was filed, LTD was told Meier had not lived at the Linden Street address in Chippewa Falls for the past eighteen years. The circuit court dismissed the prior case commenced by LTD against Meier for defective service, stating that "[b]ased on the evidence received from the Defendant in this matter showing the affidavit of non[-]service and that he did not reside anytime at the address in Chippewa County, the judgment in this matter is hereby vacated."

¶12 The judgment in the present case was also void under WIS. STAT. § 806.07(1)(d) for lack of personal jurisdiction. LTD concedes its process server was told shortly before this action was commenced that Meier did not reside at the Linden Street address. Yet LTD fails to indicate what steps it took, if any, to pursue leads or information reasonably calculated to personally serve Meier or employ an alternative method of service. *See* WIS. STAT. § 801.11. The circuit court in this case further erred in finding that the one-year time frame applied in which to bring a motion to reopen under § 806.07(2). A void judgment may be expunged by a court at any time. *Neylan v. Vorwald*, 124 Wis. 2d 85, 97, 368 N.W.2d 648 (1985). The court misapplied the law and thus erroneously exercised its discretion in failing to reopen the default judgment.

¶13 LTD concedes that Meier was not living at the Linden Street address at the time of attempted service, and that it was reasonable to believe Meier was living outside the country. LTD nevertheless argues that given the facts surrounding its attempted service, "it was entirely reasonable for LTD to conclude that Mr. Meier intended that his permanent domiciliary address for purposes of

process service be 113 W. Linden St., Chippewa Falls, WI, 54729, despite the fact that he did not live there."

¶14    LTD further argues that Meier "unequivocally established a long term relationship with the residents of 113 W. Linden St. Chippewa Falls, WI, 54729 as well as the U.S. Post Office in Chippewa County by arranging for all of his mail to be sent to either that address or his Post Office Box in his absence." LTD notes that the residents of 113 West Linden Street stated to the process server that Meier would stop by periodically—approximately every six months—to pick up his mail.  According to LTD, "[b]y [Meier's] actions, it was reasonable to conclude that [the] Chippewa County Circuit Court had personal jurisdiction over Mr. Meier at the time the case was commenced."  LTD also argues that because Meier was domiciled in Chippewa Falls and had conducted substantial and not isolated activities there, he purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.  *See* WIS. STAT. § 805.05(1).

¶15    LTD overstates Meier's contacts at the Linden Street address.  The purported substantial activities consisted of Meier asking the residents at Linden Street to accept his mail and that he would then retrieve it every six months or so. LTD provides no citation to legal authority showing these constitute activities sufficient to convey personal jurisdiction, and we are not persuaded Meier's actions are substantial and not isolated activities.  This conclusion is particularly true given that LTD was told just weeks before this lawsuit was filed that Meier had not lived at the Chippewa Falls address for eighteen years prior to the attempted service.  We also note, in this regard, that Meier testified at the hearing on his motion to reopen and vacate the default judgment that he never asked the

residents at 113 West Linden Street "to take care of mail for me." Significantly, the circuit court made no credibility findings in this regard.

¶16 LTD also asserts, without citation to legal authority, that Meier "had the affirmative responsibility to provide at least the Post Office with the best address at which to provide important mail such as a Summons and Complaint." Whether Meier may have had contractual obligations or was otherwise responsible to provide a forwarding address is undeveloped, but the fact remains that the only evidence presented in this case clearly shows that Meier did not live at the Chippewa Falls address when the present lawsuit was commenced or when the judgment was rendered.

¶17 LTD also argues it was reasonable for the process server "to report back to LTD that a better address for personal service may not be available." LTD further notes that "[a]fter personal service and attempts to locate a new address proved unsuccessful, LTD commenced service by publication and a copy of the summons and complaint was mailed to the West Linden Street Address." Yet, LTD neither addresses why or how it obtained the Linden Street address for Meier, nor any other efforts it undertook to locate him. In light of the unsuccessful efforts at service of process in the prior lawsuit, LTD could not reasonably conclude that Meier intended his permanent domiciliary address for purposes of service of process to be 113 West Linden Street in Chippewa Falls. Given that LTD already knew Meier did not reside at that address, it had no basis to believe that substituted service by publication in the Chippewa Falls newspaper was likely to satisfy the requirements under WIS. STAT. § 801.11(1)(c).

¶18 Finally, to the extent LTD contends that Meier does not dispute that he owes the money, the record on appeal conclusively demonstrates otherwise as

Meier repeatedly disputed the claim in the circuit court and denied even having an account with Chase Bank. The circuit court's contrary finding in this regard is clearly erroneous. In any event, LTD fails to provide citation to legal authority supporting the proposition that lack of proper service is excused if the debt is not contested.

¶19 Accordingly, the circuit court erroneously exercised its discretion by denying reconsideration of its denial of a motion to vacate the default judgment. LTD failed to accomplish service of process against Meier in accordance with WIS. STAT. §§ 801.05 and 801.11(1)(c). The court lacked personal jurisdiction to enter the default judgment. The judgment was thus void under WIS. STAT. § 806.07(1)(d), and the one-year time frame to bring a motion to reopen did not apply. We therefore reverse and remand with directions to vacate the judgment and dismiss the lawsuit.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.